ment is ambiguous regarding whether the members of the LLC must agree to dissolution notwithstanding a termination date listed in the articles of organization, the Washtenaw Circuit Court's grant of summary disposition to the plaintiffs on their claim for judicial dissolution of the LLC must be reversed. MCL 450.4801 provides that "[a] limited liability company is dissolved and its affairs shall be wound up when the first of the following occurs: (1) automatically at the time specified in the articles of organization." Accordingly, any ambiguity in the operating agreement is irrelevant, given the termination date specified in the articles of organization. We remand this case to the Washtenaw Circuit Court for reconsideration of the plaintiffs' motion for summary disposition on their claim for judicial dissolution, in light of MCL 450.4515(1)(b), which provides that if a member of a limited liability company establishes that the acts of managers or members in control of a limited liability company are illegal or fraudulent or constitute willfully unfair and oppressive conduct toward the limited liability company or the member, "the circuit court may issue an order or grant relief as it considers appropriate, including . . . the cancellation or alteration of a provision in the articles of organization." We do not disturb the Court of Appeals' reversal of the circuit court's grant of summary disposition to the plaintiffs on the defendant's counterclaim and third-party complaint. In all other respects, leave to appeal is denied, because we are not persuaded that the remaining questions presented should be reviewed by this Court. Court of Appeals No. 276646.

*Leave to Appeal Denied March 18, 2008:*

PEOPLE V RIDDLE-BEY, No. 136239. The defendant has failed to meet the burden of establishing entitlement to relief under MCR 6.508(D). Court of Appeals No. 279507.

RABOCZKAY V CITY OF TAYLOR, No. 137027; Court of Appeals No. 277772.
KELLY, C.J., and CAVANAGH and HATHAWAY, JJ. We would grant leave to appeal.

SIMON V WIDRIG, No. 137161; Court of Appeals No. 277070.
KELLY, C.J., and CAVANAGH and HATHAWAY, JJ. We would grant leave to appeal.

NOE V CITY OF DETROIT, No. 137392; Court of Appeals No. 278727.
KELLY, C.J., and CAVANAGH and HATHAWAY, JJ. We would grant leave to appeal.

PEOPLE V DAVENPORT, No. 137419. A presumption of prejudice exists when a defendant's former defense counsel joins the prosecutor's office that is pursuing the case against the defendant. MRPC 1.9(b), 1.10(b). Such a presumption may be overcome, however, if the prosecutor shows that the attorney who has a conflict of interest was properly screened out from "any participation in the matter." MRPC 1.10(b)(1). *State v McClel-*